IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff/Respondent, )<br>  )<br>v. )<br>  )<br>ALEJANDRO OVIEDO-TAGLE, )<br>  )<br>Defendant/Petitioner. )<br>  ) | Case No. 11-40055-JAR<br>Case No. 14-cv-4099-JAR |

### MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Amended Motion to Compel His Former Counsel to Disclose His File (Doc. 113). The Court granted Petitioner's request for hearing on his pro se motion to vacate his sentence under 28 U.S.C. § 2255 and appointed counsel to represent him at an evidentiary hearing set for June 30, 2015. In his § 2255 motion, Petitioner asks the Court to vacate his sentence on the grounds of ineffective assistance of his former counsel, Matthew Works, in connection with his plea negotiations, specifically whether 1) he requested an interpreter for meetings with counsel outside of court, 2) counsel misrepresented to Petitioner a favorable "deal" with the Government during plea negotiations, and 3) Petitioner executed the Plea Agreement knowingly and voluntarily.[1] Petitioner seeks an order compelling Mr. Works to produce his case file in the underlying criminal proceedings.

Rule 6(a) of the Rules Governing § 2255 Proceedings states:

> A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.

---

[1] Doc. 95.

In this case, Petitioner provides good cause as to why the Court should grant his motion to compel.  It is well settled that where a habeas petitioner raises a claim of ineffective assistance of counsel, he impliedly waives the attorney-client privilege with respect to all communications with this allegedly ineffective lawyer necessary to prove or disprove his claim.[2]  Mr. Works's case file is clearly relevant to his ineffective assistance claim.  Petitioner's counsel states that despite numerous requests, Mr. Works has failed to provide a copy of Petitioner's case file in anticipation of the evidentiary hearing on the § 2255 motion.  Accordingly, the Court grants Petitioner's motion and directs Mr. Works to provide current counsel with the case filed on or before May 12, 2015.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Amended Motion to Compel (Doc. 113) is **GRANTED**; Mr. Works is directed to produce Petitioner's case file to counsel Branden Bell on or Before **May 12, 2015.**

**IT IS SO ORDERED.**

**Dated: May 8, 2015**

 S/ Julie A. Robinson
 **JULIE A. ROBINSON**
 **UNITED STATES DISTRICT JUDGE**

---

[2] *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (collecting cases).