**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff/Respondent**, ) | |
| ) | **Case No. 11-40055-JAR** |
| v. ) | **Case No. 14-cv-4099-JAR** |
| ) | |
| **ALEJANDRO OVIEDO-TAGLE,** ) | |
| ) | |
| **Defendant/Petitioner.** ) | |
| ) | |

**ORDER DENYING MOTION FOR**
**ORDER TO SHOW CAUSE**

Pending before the Court is Petitioner's Motion for Order to Show Cause (Doc. 115) why his former counsel, Matthew Works, should not be held in contempt for failure to comply with this Court's previous order directing him to produce Petitioner's file by May 12, 2015 (Doc. 114). In that order, the Court found that Petitioner had provided good cause as to why the Court should authorize discovery in his § 2255 proceedings and granted his motion to compel, as Mr. Works's case file is clearly relevant to Petitioner's ineffective assistance of counsel claim. To date, Mr. Works has not produced the file to Petitioner's current counsel.

Rule 6(a) of the Rules Governing § 2255 Proceedings states that a judge may authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure. Under Fed. R. Civ. P. 37(b)(2)(A), if a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." One sanction that may be imposed for failures to comply with an order is to treat the failure as contempt of court, except upon an order to submit to a physical or mental examination.[1]

---

[1] Fed. R. Civ. P. 37(b)(2)(A)(vii).

On May 19, 2015, Mr. Works responded that after he received the Order granting the motion to compel, he spent over twenty hours in search of the file in his temporary office and in his home, to no avail.[2]  Mr. Works explains that his home office was burglarized and destroyed in an arson fire, and that he set up temporary offices in a trailer while the house was gutted and rebuilt.  The temporary offices were also burglarized, and numerous computers were stolen.  Mr. Works states that he is not refusing to produce the file, and would do so if he could find it, but it has not been located and the computers with any work product relative to Petitioner's case were stolen.  Mr. Works goes so far as to offer to let Petitioner's current counsel review and search for the file in his office.

Under the circumstances, the Court denies Petitioner's Motion for Order to Show Cause.  Petitioner has not replied to Mr. Works's response or offer to review his files, and the Court has no reason to doubt Mr. Works's characterization of his temporary offices as "not well organized."  Accordingly, the Court does not find that Mr. Works has refused to obey the Order compelling him to provide or produce the file to the extent that sanctions are justified under Rule 37.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Order to Show Cause (Doc. 115) is DENIED.

**IT IS SO ORDERED.**

Dated: June 3, 2015

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[2] Doc. 116.