IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEJANDRO OVIEDO-TAGLE,

    Defendant.

Case No. 5:11-CR-40055-JAR-1

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)[1] (Doc. 135) and Defendant's Motion to Appoint Counsel (Doc. 136). The Court liberally construes Defendant's motion to reduce sentence as a plea for relief under 18 U.S.C. § 3582(c)(1)(A)(i) and (c)(2).

The motions are fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court denies in part and dismisses in part Defendant's Motion to reduce sentence and denies his motion for appointment of counsel.

**I.    Facts**

On May 25, 2012, Defendant pled guilty to a violation of 21 U.S.C. § 846; namely, conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine.[2] On April 1, 2013, the Court sentenced Defendant to 300 months' imprisonment.[3]

---

[1] The Court liberally construes pro se pleadings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[B]ecause [defendant] appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

[2] Doc. 40 at 2.

[3] Doc. 71.

On January 23, 2015, the Court issued an Order reducing Defendant's sentence to 238 months pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782.[4]

On August 17, 2015, the Court issued a Memorandum and Order denying Defendant's motion filed pursuant to 28 U.S.C. §2255.[5]

On November 21, 2023, Defendant filed the instant motion seeking compassionate release and/or a sentence reduction based on the fact that he is a "Zero-Point Offender."[6]

Defendant's projected release date is June 15, 2027.[7]

**II.      Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)**

**A.      Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[8]  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[9]

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[10]  Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline,

---

[4] Doc. 103.

[5] Doc. 119.

[6] Doc. 363.

[7] Doc. 138 at 2.

[8] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[9] *See* 18 U.S.C. § 3582(c)(2).

[10] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

2

§ 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[11]  With respect to the guideline for Zero-Point Offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . ."[12]

### B.   Discussion

Defendant's Motion, construed liberally, first seeks a two-level reduction in his sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).  The government argues Defendant does not qualify for Amendment 821's "Zero-Point Offender" reduction because he possessed a firearm in connection with the relevant

---

[11] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

[12] *See* U.S.S.G. § 4C1.1(a).

3

offense.[13]  Defendant asserts "there are no elements which could or should preclude [him] from being granted this [Amendment 821] reduction in sentence."[14]  Further, Defendant contends U.S.S.G. § 4C1.1(a)(7) is inapplicable to his request because "he was never convicted of 18 U.S.C. 922(g) whatsoever, or any other firearm offense."[15]

As noted above, the provision at issue does not simply bar relief to defendants convicted of firearm offenses.  Rather, the reduction is only available to defendants that, *inter alia*, "did not *possess*, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense."[16]

Clearly, Defendant fails to meet Amendment 821's eligibility requirements because he possessed a weapon in connection with the offense.[17]  Indeed, Defendant received a two-level enhancement for utilizing a firearm during the commission of his offense.[18]  Because Amendment 821 does not apply to Defendant, the Court lacks jurisdiction to reduce Defendant's sentence.[19]

---

[13] *See* U.S.S.G. § 4C1.1(a)(7) (stating that the adjustment for certain zero-point offenders applies only if the defendant did not possess firearm or other dangerous weapon in connection with offense).

[14] Doc. 139 at 4.

[15] Doc. 139 at 2.  Defendant bases his argument on the firearms sentencing *enhancement* contained in U.S.S.G. § 2K2.1 rather than Amendment 821's sentence reduction provisions.

[16] *See* U.S.S.G. § 4C1.1(a)(7) (emphasis added).

[17] See *United States v. Verdin-Garcia*, No. 05-20017-01, 2024 WL 554043, at *2 (D. Kan. Feb. 12, 2024) (holding the defendant was ineligible for an Amendment 821 reduction because he received a sentencing enhancement for using firearms during the offense).

[18] *See* PSR, Doc. 67 ¶ 61.

[19] *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014).

**III.     Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i)**

    **A.      Standard**

Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[20] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[21]  The Court may deny a Section 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[22]  If the Court grants the motion, however, it must address all three steps.[23]

    **B.      Discussion**

Defendant also maintains he should be granted compassionate release in accordance with newly amended United States Sentencing Guideline § 1B1.13(B)(6).  Defendant asserts, *inter alia*, he is serving an extraordinarily long sentence.[24]  However, Defendant fails to analyze the compassionate release considerations as applied to his sentence or otherwise explain his position.

---

[20] Pub. L. No. 115-391, 132 Stat. 5194.

[21] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (internal citations and quotations omitted).

[22] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[23] *McGee*, 992 F.3d at 1043 (citation omitted).

[24] Doc. 135 at 2–4.

5

Regardless, the government correctly argues that Defendant's request fails because he did not demonstrate exhaustion of his available administrative remedies before submitting an appeal with this Court.[25] Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the government may waive or forfeit.[26] But when "properly invoked," mandatory claim-processing rules "must be enforced."[27] Here, the Government argues that this Court must dismiss Defendant's motion without reaching the merits because he fails to show that he has satisfied the statute's exhaustion requirement. Defendant offered no evidence of exhaustion in his motion, and he did not file a reply responding to the Government's invocation of the exhaustion rule. Because the exhaustion requirement is a mandatory condition that has been properly invoked by the Government, the Court must dismiss Defendant's compassionate release motion without prejudice to filing a new one if and when he exhausts his administrative remedies.[28]

**IV. Motion for Appointment of Counsel**

Lastly, the Court denies Defendant's request for counsel. There is no constitutional right to appointment of counsel beyond the direct appeal of a conviction.[29] Further, Defendant has not

---

[25] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021) (holding that Section 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule, and that the defendant must demonstrate proof of exhaustion).

[26] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[27] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 538 U.S. 17, 20 (2017); *see also United States v. Johnson*, 849 F. App'x 750, 752–53 (10th Cir. 2021) (explaining that the statute's exhaustion rule "is mandatory, rather than judicially waivable"); *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here.").

[28] *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").

[29] *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).

provided any compelling need for counsel. Thus, Defendant is not entitled to the appointment of counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reduction of Sentence (Doc. 135) is **denied in part and dismissed in part**. Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) is denied and the motion for compassionate release is dismissed.

**IT IS FURTHER ORDERED** that Defendant's Motion to Appoint Counsel (Doc. 136) is **denied**.

**IT IS SO ORDERED.**

Dated: <u>March 27, 2024</u>

                                       <u>s/ Julie A. Robinson</u>
                                       JULIE A. ROBINSON
                                       UNITED STATES DISTRICT JUDGE