IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 11-40055-JAR |
| ALEJANDRO OVIEDO-TAGLE, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Alejandro Oviedo-Tagle's pro se Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and (c)(2) under Compassionate Release and U.S.S.G. 1b1.13(B)(6) for Unusually Long Sentence (Doc. 141). The motion is fully briefed, and the Court is prepared to rule. As described more fully below, the Court denies Defendant's motion for compassionate release.

**I.     Background**

On May 25, 2012, Defendant pled guilty to a violation of 21 U.S.C. § 846; namely, conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine.[1] On April 1, 2013, the Court sentenced Defendant to 300 months' imprisonment.[2] This sentence was based on an offense level of 41 and criminal history category of I, resulting in a guidelines range of 324 to 405 months. The Court imposed a departure under the guidelines to reach a 300-month sentence. On January 23, 2015, the Court reduced Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782.[3] Under the amended sentence, Defendant's offense

---

[1] Doc. 40 at 2.

[2] Doc. 71.

[3] Doc. 103.

level was reduced by two levels, resulting in an amended guidelines range of 262 to 327 months' imprisonment. The Court imposed a comparable departure to Defendant's original sentence and modified his term of imprisonment to 238 months.

On November 21, 2023, Defendant filed a motion for compassionate release and/or a sentence reduction under Amendment 821 on the basis that he is a "Zero-Point Offender."[4] The Court denied in part and dismissed in part that motion. First, the Court explained that Amendment 821 bars relief as a Zero-Point Offender because Defendant possessed a firearm in connection with the methamphetamine offense to which he pled guilty.[5] Second, the Court dismissed Defendant's compassionate release motion without prejudice for failure to demonstrate exhaustion of his administrative remedies.[6]

Defendant is currently located at the Federal Correctional Center in Miami, Florida. His projected release date is June 15, 2027.[7] Defendant proposes a release plan where he will live with two individuals in Topeka, Kansas, and asserts that he has strong family support there.

**II. Discussion**

In this pending motion, Defendant moves again for compassionate release on the same grounds asserted in the last motion, but this time submits proof of exhaustion with his reply.[8] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[9] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf

---

[4] Doc. 135.

[5] Doc. 140 at 4.

[6] *Id.* at 6.

[7] *See* https://www.bop.gov/inmateloc/ (last visited December 16, 2024).

[8] Doc. 144 at 8–9.

[9] Pub. L. No. 115-391, 132 Stat. 5194.

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment under the compassionate release provision, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[10] The Court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[11] If the Court grants the motion, however, it must address all three steps.[12]

### A.    Exhaustion

Exhaustion under § 3582(c)(1)(A) is a mandatory claim-processing rule that the Court must enforce when the government invokes it.[13] Here, the government correctly notes in its response that, despite Defendant representing that he had attached proof of exhaustion to his motion, there was no exhibit included with Defendant's filing. Defendant then filed a reply that attached his administrative request to the Warden for compassionate release based on his unusually long sentence, age, and risk of contracting COVID-19.[14] The Court is satisfied that Defendant exhausted his administrative rights to appeal and proceeds to the merits.

### B.    Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant" a sentence reduction before it may grant the motion. The court has "the

---

[10] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[11] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[12] *McGee*, 992 F.3d at 1043 (quoting *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

[13] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[14] Doc. 144 at 7–9.

authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[15] That authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission."[16] On November 1, 2023, a new Sentencing Commission policy statement became effective that is "plainly applicable to motions for sentence reductions filed by either the Director of the Bureau of Prisons or a defendant."[17] The policy statement lists grounds that constitute extraordinary and compelling circumstances, and provides additional guidance for courts. The listed grounds are medical circumstances, age, family circumstances, whether the defendant was a victim of abuse while in custody, "other reasons," and whether the defendant served an "unusually long sentence."[18]

Construing Defendant's pro se motion liberally, as the Court must,[19] he argues that an unusually long sentence justifies compassionate release.[20] Under the policy statement, an "unusually long sentence" may form the basis of extraordinary and compelling circumstances as follows:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at

---

[15] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[16] *Id.* at 832, 836–37.

[17] *United States v. Bradley*, 97 F.4th 1214, 1217 (10th Cir. 2024).

[18] U.S.S.G. § 1B1.13(b).

[19] *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[B]ecause [defendant] appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

[20] Despite referencing his health in his administrative claim, Defendant does not argue in his motion that he has a health condition that should be considered an extraordinary and compelling circumstance.

4

the time the motion is filed, and after full consideration of the defendant's individualized circumstances.[21]

The Court finds that this policy statement does not apply to Defendant; thus, he has not demonstrated extraordinary circumstances under the statute, or consistent with this provision of the policy statement. Although Defendant is serving a lengthy sentence, and has served at least ten years of that sentence, he has not demonstrated that any changes in the law created a gross disparity between his sentence of 238 months and the sentence likely to be imposed if he were resentenced today.

Defendant once again argues that he is a Zero-Point Offender and, thus, under Amendment 821, he should have received a two-level reduction due to his lack of criminal history points. For the reasons explained in the Court's March 27, 2024 Order, Defendant does not qualify for this sentencing reduction due to the findings in the PSR that he possessed a firearm in connection with the offense.[22] As the Court explained, Defendant need not have been charged with a firearm offense to be disqualified under the guideline; he is disqualified if he merely possessed a firearm in connection with that offense.[23] Defendant in fact received a two-level enhancement for possessing a dangerous weapon in connection with the offense, and therefore does not qualify for the Zero-Point offender reduction.[24]

Defendant next argues that he is entitled to a reduction based on changes to his drug calculation and resulting offense level. He argues that under amendments to the guidelines since the time of his sentencing, he would have been scored differently based on the amount of "actual

---

[21] U.S.S.G. § 1B1.13(b)(6).

[22] Doc. 140 at 4.

[23] *Id.*; U.S.S.G. § 4C1.1(a)(7).

[24] Doc. 67 ¶ 61; *see United States v. Verdin-Garcia*, No. 05-20017-01, 2024 WL 554043, at *2 (D. Kan. Feb. 12, 2024) (holding the defendant was ineligible for an Amendment 821 reduction because he received a sentencing enhancement for using firearms during the offense).

5

ice," that was attributed to him. Defendant claims he would have received a guidelines range of 151–188 months had the 2023 Amendments to "actual ice" drug quantities been used. But, as the government points out, Defendant was not sentenced based on a calculation of "actual" or "ice" methamphetamine. Instead, he was attributed with 9.64 kilograms of methamphetamine mixture. The government was required to show by a preponderance of the evidence a greater quantity of methamphetamine mixture than it would have for actual or ice methamphetamine to receive the same offense level under § 2D1.1.[25] Under the current guideline, Defendant would still have a base offense level of 34, a total offense level of 39, and a resulting guideline range of 262–327 months. He was sentenced to 238 months, well under the low-end of that range. Thus, there is no "gross disparity" between the sentence being served and the sentence likely to be imposed today, and Defendant cannot demonstrate that extraordinary and compelling circumstances exist for compassionate release.

### C.     Section 3553(a) Factors

Assuming, arguendo, that Defendant could demonstrate extraordinary and compelling circumstances for compassionate release, the Court next considers the factors set forth in § 3553(a) in light of post-sentencing developments.[26] Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . .

---

[25] *See* U.S.S.G. § 2D1.1(3) (2023) (providing an offense level of 34 where the drug quantity is "at least 5 KG but less than 15 KG of Methamphetamine, or at least 500 G but less than 1.5 KG of Methamphetamine (actual), or at least 500 G but less than 1.5 KG of "Ice").

[26] *See Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly relevant" under § 3553(a)); *Concepcion v. United States*, 597 U.S. 481, 486 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[27]  "[T]he facts allegedly establishing extraordinary and compelling reasons for release . . . . are relevant to the § 3553(a) analysis."[28]

The Court has considered these factors and finds that they weigh against compassionate release, even if Defendant was able to show extraordinary and compelling circumstances.  This was a serious offense—Defendant trafficked large quantities of methamphetamine to the United States from Mexico.  The Court found he was a leader and organizer of that organization, and that he was involved in obtaining illegal documents fur currency.  While the Court commends Defendant on his post-sentencing conduct; namely, the rehabilitation in prison that he discusses in his motion, the Court does not find that on balance it outweighs the need for Defendant to serve a sentence that reflects the seriousness of the offense, promote respect for the law, afford adequate deterrence, and protect the public from further crimes by Defendant.

In sum, Defendant fails to establish any of the three prerequisites for compassionate release under 18 U.S.C. § 3582(c)(1)(A); therefore, his motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Alejandro Oviedo-Tagle's pro se Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and (c)(2) under Compassionate Release and U.S.S.G. 1b1.13(B)(6) for Unusually Long Sentence (Doc. 141) is **denied**.

**IT IS SO ORDERED.**

---

[27] 18 U.S.C. § 3553(a).

[28] *United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024) (quoting *United States v. Hald*, 8 F.4th 932, 943 (10th Cir. 2021)).

Dated: December 18, 2024

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE