**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 11-40055-JAR** |
| **ALEJANDRO OVIEDO-TAGLE,** | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Alejandro Oviedo-Tagle's Pro Se Motion to Apply Supplemental Amendment 833 Mitigation Role  (Doc. 146).  The motion is fully briefed, and the Court is prepared to rule.  For the reasons discussed below, the Court dismisses Defendant's motion.

**I.     Background**

On May 25, 2012, Defendant pled guilty to a violation of 21 U.S.C. § 846; namely, conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine.[1]  On April 1, 2013, the Court sentenced Defendant to 300 months' imprisonment.[2]  This sentence was based on an offense level of 41 and criminal history category of I, resulting in a guidelines range of 324 to 405 months.  The Court imposed a departure under the guidelines to reach a 300-month sentence.  On January 23, 2015, the Court reduced Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782.[3]  Under the amended sentence, Defendant's offense level was reduced by two levels, resulting in an amended guidelines range of 262 to 327 months'

---

[1] Doc. 40 at 2.

[2] Doc. 71.

[3] Doc. 103.

imprisonment.  The Court imposed a comparable departure to Defendant's original sentence and modified his term of imprisonment to 238 months.

On November 21, 2023, Defendant filed a motion for compassionate release and/or a sentence reduction under Amendment 821 on the basis that he is a "Zero-Point offender."[4]  The Court denied in part and dismissed in part that motion.  First, the Court explained that Amendment 821 bars relief as a Zero-Point offender because Defendant possessed a firearm in connection with the methamphetamine offense to which he pled guilty.[5]  Second, the Court dismissed Defendant's compassionate release motion without prejudice for failure to demonstrate exhaustion of his administrative remedies.[6]  On December 19, 2024, the Court denied Defendant's renewed motion for compassionate release on the merits, after he exhausted his administrative remedies.[7]

In the instant motion, Defendant asks the Court for relief under Amendment 833 to the guidelines, which became effective on November 1, 2025.[8]

## II.     Discussion

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[9]  One of these exceptions is provided for in 18 U.S.C. § 3582(c)(2), which allows the Court to reduce a

---

[4] Doc. 135.

[5] Doc. 140 at 4.

[6] *Id.* at 6.

[7] Doc. 145.

[8] U.S. Sent'g Guidelines Manual app. C, vol. IV, amend. 833 (U.S. Sent'g Comm'n 2025).

[9] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

In order to obtain a sentence reduction under this provision, Defendant must overcome three hurdles: (1) "under the statute's 'based on' clause, the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing"; (2) under the statute's "'consistent with' clause, the defendant must establish his request for a sentence reduction is consistent with the Commission's policy statements related to § 3582(c)(2)"; and (3) "the defendant must convince the district court he is entitled to relief in light of the applicable sentencing factors found in 18 U.S.C. § 3553(a)."[10] Failure to meet the first requirement is jurisdictional.[11]

Amendment 833 expands the application of the mitigating-role adjustment in drug cases under U.S.S.G. § 2D1.1.  But the Sentencing Commission has not made Amendment 833 retroactively applicable to offenders who are currently incarcerated.[12]  Therefore, Defendant has not shown that he meets the statute's "based on" clause, and the Court lacks jurisdiction to reduce his sentence under this provision.  Accordingly, the Court must dismiss Defendant's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Alejandro Oviedo-Tagle's Pro Se Motion to Apply Supplemental Amendment 833 Mitigation Role (Doc. 146) is **dismissed**.

---

[10] *United States v. C.D.*, 848 F.3d 1286, 1289–90 (10th Cir. 2017).

[11] *Id.* at 1289.

[12] U.S.S.G. § 1B1.10(a)&(d)  ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).").  Amendment 833 is not listed under subsection (d).

**IT IS SO ORDERED.**

Dated: May 26, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

4